UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERELL BELGER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:19-cv-01260 |
| SEVEN SEVENTEEN CREDIT UNION, INC. d/b/a 7 17 CREDIT UNION, | JURY DEMAND |
| Defendant. | |

## COMPLAINT

NOW comes TERELL BELGER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SEVEN SEVENTEEN CREDIT UNION, INC. d/b/a 7 17 CREDIT UNION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

1

4. Plaintiff is a consumer over 18 years-of-age and a veteran of the United States Armed Forces residing in Summit County, Ohio, which is located within the Northern District of Ohio.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers. Defendant is a corporation organized under the laws of the State of Ohio with its principal place of business is located at 3181 Larchmont Avenue, Warren, Ohio 44488.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff obtained a line a credit through Defendant to finance the purchase of personal goods and/or services.

10. Due to financial hardship, Plaintiff fell behind on his scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Around the summer of 2017, Plaintiff began receiving calls to his cellular phone, (234) XXX-8845, from Defendant seeking to collect on the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8845. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant mainly uses the phone number (330) 372-8100 when placing phone calls to Plaintiff's cellular phone. Upon information and belief, Defendant has used additional phone numbers when placing calls to Plaintiff's cellular phone.

14. Upon information and belief, the above-referenced phone number ending in -8100 is regularly utilized by Defendant during its debt collection activity.

15. During answered calls, Plaintiff has been subjected to pre-recorded messages, followed by a noticeable pause, causing Plaintiff to say "hello" several times, before being connected to a live representative.

16. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

17. Plaintiff notified Defendant that he was unable to make payment and in good faith attempted to reach a settlement with Defendant.

18. Defendant rejected Plaintiff's offer and continued its harassing collection campaign, which caused Plaintiff to demand that Defendant cease calling him.

19. Defendant routinely asserted that it would continue to contact Plaintiff when he demanded that it stop calling.

20. Despite Plaintiff's efforts, Defendant continued to regularly call his cellular phone for years thereafter.

21. Defendant's harassing collection campaign greatly exacerbated Plaintiff's post-traumatic stress disorder ("PTSD"), thus causing Plaintiff physical harm due to the heightened worry and anxiety.

22. Plaintiff has received not less than 70 phone calls from Defendant since asking it to stop calling.

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before he was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

4

29. Moreover, Defendant has also used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

30. Defendant violated the TCPA by placing at least 70 phone calls to Plaintiff's cellular phone using an ATDS and pre-recorded messages without his consent. Any consent that Plaintiff may have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

31. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, TERELL BELGER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 31, 2019                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)             s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225

| | |
|---|---|
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Admitted in the Northern District of Ohio | Admitted in the Northern District Ohio |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |